ELIEZER M. THORPE, Appellant, *v.* WILLIAM WHEELER, Appellee.

### APPEAL FROM MACON.

A plea which avers that property was tendered to a sheriff in satisfaction of an execution, is defective. A sheriff cannot receive anything but money; he has authority only to sell property, not to accept it in satisfaction.

If a defendant has several tracts of land upon which he does not reside, the plaintiff in execution must, if he can, satisfy his execution out of these. But if the defendant has no such lands, but owns land on which he resides, not exempted as a homestead, and has personalty liable to levy and sale, the plaintiff may elect upon which he will levy. The plaintiff has the right of selection, except where that right is limited by statute.

THIS was a judgment upon a demurrer to pleadings, which are described in the opinion of the court. EMERSON, Judge, decided the case below, at July term, 1859, of the Macon Circuit Court.

GALLAGHER & BUNN, for Appellant.

MALONE & NELSON, for Appellee.

WALKER, J. This was an action of replevin, instituted in the Macon Circuit Court, by Thorpe against Wheeler, for the recovery of various articles of personal property. To the declaration, the defendant filed a plea of *non cepit,* upon which there was an issue to the country. A plea of *non detinet,* upon which there was an issue to the country. That the property was that of defendant, and not that of plaintiff, and also a plea of avowry, that defendant was sheriff of Macon county, and that, as such sheriff, he had in his hands a writ of *fi. fa.,* issued from the clerk's office of the Macon Circuit Court, on the 11th day of December, 1858, by which he was commanded to cause to be made of the goods and chattels, lands and tenements of the plaintiff, and one Nathan W. Tupper, the sum of four hundred and ten dollars, with interest from the 1st day of December, 1858, with costs of suit, to satisfy a judgment in favor of James Dennis, lately recovered against him in the Macon Circuit Court. That plaintiff neglected and refused to pay the same, and that defendant, as sheriff as aforesaid, by virtue of the writ of *fi. fa.,* levied upon and detained the goods described in the declaration, for the purpose of selling the same to satisfy the judgment and execution, as he lawfully might.

To the defendant's third plea, plaintiff filed a replication, that the property in the goods was in him, and not in the defendant,

and upon this replication there was an issue to the country. To the defendant's avowry, plaintiff filed, as a plea in bar, as to the detention of the property in the declaration mentioned, that it was unjust, because the plaintiff, at the time of the levy, was seized and possessed of certain real estate, situate in Macon county, which is described in the plea, containing one hundred and sixty acres, all of which was liable to levy and sale on execution. That at and before the seizure and taking and detention of the goods by defendant, plaintiff offered and surrendered to the defendant the real estate in satisfaction of the execution in the avowry mentioned, which was more than sufficient in value to discharge the amount of the execution, and that defendant refused to accept the real estate in satisfaction thereof. That he was then and now is ready to surrender the real estate in satisfaction of the execution. He filed a further plea to the avowry, in which it is averred that he was the owner of fifty thousand feet of oak lumber, worth eight hundred dollars, and of two hundred cords of wood, worth three hundred dollars, all of which was situated in Macon county, subject to levy and sale on execution, and that at and before the levy on the goods and chattels mentioned in the declarations, plaintiff offered and tendered to the defendant this property in satisfaction of the execution, which defendant refused to so receive. To these pleas defendant filed a demurrer, which the court sustained, and rendered judgment against the plaintiff for costs of suit, from which he prosecutes this appeal, and assigns for error, the sustaining the demurrer to the pleas, and rendering judgment against him.

It will be observed, that these pleas nowhere aver that this property was offered to be surrendered, to be levied and sold, for the satisfaction of the execution ; but the averment is that it was offered in its satisfaction. The rule requires that the pleadings of the party must be taken most strongly against the party offering them, and if there was any doubt as to the meaning, it would render these pleas obnoxious to the demurrer ; but here there can be no doubt that it is averred, that the offer was to transfer the property absolutely to the sheriff, in satisfaction and discharge of the execution. There can be no pretense that the sheriff has any such authority. The law only authorizes him to levy and sell property until the money is made to satisfy the execution. The exigency of his writ requires him to make the money, and he can only receive money in its satisfaction.

But the question was argued by counsel as though the pleas had alleged that the offer to surrender this property was that it might be levied and sold on the execution. This then presents the question, whether the defendant in execution has the

35

right to compel a plaintiff to have his execution levied upon real estate instead of personal property, and if not, whether he has the right to select personal property upon which it shall be levied. The 9th section of the chapter entitled "Judgments and Executions," R. S. 301, is this: "The plaintiff in execution may elect on what property he will have the same levied, except the land on which the defendant resides, and his personal property, which shall be last taken in execution, excepting and reserving, however, to the defendant in execution, such property as is or may be by law exempt from execution." Were it not for the exceptions contained in the latter part of this section, a plaintiff in execution would have the unqualified right to elect upon what property of the defendant it should be levied and sold. The first exception only limits and restrains that right from being, in the first place, exercised as to the land on which the defendant resides and his personal property, and in the next, from levying upon property then or thereafter exempt from levy and sale. If the defendant have a number of tracts of land upon which he does not reside, the plaintiff, until they are disposed of by levy and sale, is restricted, in his election, to such property. If the defendant has no such lands, but is the owner of land upon which he resides, and which is not exempt under the homestead act, and also has personal property liable to levy and sale, the plaintiff may elect upon which he will have his execution levied and satisfied. The election is given to the plaintiff, and he has the right to its exercise, except in so far as the statute has limited him, and we find no limitation upon the right in such a case. If he, in such a case, elect to have personal property levied, and not the real estate upon which the defendant resides, then he may choose what description shall be seized, except such as is exempt from levy and sale. This seems to have been the manifest intention of the legislature by this enactment.

But it is urged that this real estate should have been seized, and the personal property was not subject to the election of the plaintiff, until the real estate had been sold. This question depends upon the averments of the plea. It is not stated in the plea that this land was not the residence of the defendant. For aught that appears it may have been his homestead, and may have been of the value of more than one thousand dollars, and thus be liable to levy and sale. If that were so, then we have seen he had the right to levy either upon the land or the personal property, as he might choose. And before the defendant in execution would have a right to compel a levy on land, he must show that it is liable under the statute to be sold, before

the personal property could be seized, and in this case, that has not been made to appear.

We are unable to perceive any error in this record requiring the reversal of the judgment of the Circuit Court, and it is therefore affirmed.

*Judgment affirmed.*